**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

-------------------------------------------------------X
ACE AMERICAN INSURANCE COMPANY a/s/o CAREY RHOTEN

Plaintiff

-against-

ALDEN YACHTS and/or ALDEN YACHTS CORP., BRISTOL MARINE, DAVID MACFARLANE, JIM EWING and TODD JAREM

Defendants,
-------------------------------------------------------X

08 223 S

No.:

**COMPLAINT**

Ace American Insurance Company (hereinafter "ACE"), by its attorneys, HOLBROOK & MURPHY, for its Complaint, alleges upon information and belief, as follows:

**PARTIES**

1. At all material times, ACE, was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 140 Broadway, 40th Floor New York, New York 10005 and was at all material times the insurer of Mr. Carey Rhoten, owner of a 2005 49 foot Alden Express Sedan.

2. At all material times, Carey Rhoten was the owner of a 2005 49 foot Alden Express Sedan (hereinafter "vessel"), a recreational vessel with hull identification number ADN49009J305.

3. At all material times, Alden Yachts and Alden Yachts Corporation, corporations organized and existing by virtue of the laws of Rhode Island with places of

business located at 99 Poppasquash Road, Bristol, Rhode Island, 02809 and one or both were the employer of Mr. Jim Ewing and Mr. Todd Jarem.

4. At all material times, Mr. David MacFarlane was the President of Alden Yachts and/or Alden Yachts Corporation and responsible for all decisions concerning the organization, including those actions taken by Mr. Ewing and Mr. Jarem, as more fully described below.

5. At all material times, Bristol Marine was and is a corporation organized and existing by virtue of the laws of Rhode Island with a place of business located at 99 Poppasquash Road Bristol, Rhode Island, 02809 and was the owner, operator, or manager of the Bristol mooring field, as more fully described below.

## JURISDICTION

6. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

7. At all material times, the vessel was in the care and custody of Alden Yachts.

8. At the all material times, Alden Yachts and/or Alden Yachts Corporation had contracted Bristol Marine to rent a number of moorings in Bristol Harbor, owned by Bristol Marine, for an agreed upon payment.

9. On or about October 27, 2006 and at the request of the President of Alden Yachts and/or Alden Yachts Corporation, Mr. David MacFarlane, the vessel was moved to one of the aforementioned moorings , believed to be mooring # 689 in Bristol Harbor.

10. The vessel was secured to the mooring by Jim Ewing and Todd Jarem.

11. On or about October 28, 2006 the mooring line attached to the mooring around a thimble came unhinged and released the vessel into the marina.

12. Due to the failure of the mooring and release of the vessel, damages in the amount of $53,128.75.

13. The damages sustained by the vessel were not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract, and gross negligence of the defendants.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between Carey Rhoten and ACE, which provided coverage for, among other things, loss or damage to the vessel.

15. Pursuant to the aforementioned contract of insurance between Carey Rhoten and ACE, monies have been and will be expended on behalf of Carey Rhoten, to the detriment of ACE due to failure of the mooring and actions of the defendants.

16. Due to the failure of the mooring and actions of the defendants, the vessel sustained damages totaling of at least $53,128.95 and ACE paid, pursuant to the terms of the insurance policy, in the amount of $38,009.95 to Carey Rhoten.

17. As ACE has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, ACE has an equitable right of

subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

18. ACE brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested, as their respective interests may ultimately appear, and ACE is entitled to maintain this action.

19. By reason of the foregoing, ACE has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $38,009.95.

20. All and singular the matters alleged herein are true and correct. ACE reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, ACE prays:

1. The Court order, adjudge and decree that defendants, Alden Yachts and/or Alden Yachts Corporation, Bristol Marine, David MacFarlane, Jim Ewing and Todd Jarem be found jointly and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs.

2. That this Court grants to plaintiff such other and further relief as may be just and proper.

Dated: June 4, 2008

HOLBROOK & MURPHY

BY: Seth S. Holbrook

Seth S. Holbrook RI Bar # 5677
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com